IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLETIS GOODMAN,

                Plaintiff,

      v.

JENNIFER STEHLIK LADMAN, and
SEWARD COUNTY, NEBRASKA,

                Defendants.

8:15CV220

MEMORANDUM AND ORDER

This matter is before the court on several pending motions, a motion to dismiss the original complaint filed by defendants County of Seward (encompassing the Seward County Sheriff's Department) and Jennifer Ladman in her official capacity, Filing No. 10, defendants' motion to dismiss the plaintiff's amended complaint, Filing No. 21, the *pro se* plaintiff's improperly denominated "final motion for summary judgment," which the court construes as a motion for an extension of time in which to file a response to the defendants' motion to dismiss, Filing No. 26, the defendants' amended motion to dismiss, Filing No. 31, the *pro se* plaintiff's "supplemental motion for leave to file a second amended complaint," Filing No. 35, the defendants' objection thereto, Filing No. 37 and the plaintiff's supplemental motion to amend, Filing No. 38.

This is a pro se 42 U.S.C. § 1983 civil rights action for alleged deprivation of property without due process of law in connection with the seizure of a truck and trailer. The original complaint was filed on June 15, 2015. Filing No. 1.[1] The plaintiff alleges

---

[1] The original complaint was filed against Sanfford Pollack, Jennifer Stehlik Ladman, Brody Duncan, the State of Nebraska, Seward County, Nebraska and Sheriff Department, and Thomas R. Johnson. See Filing No. 1, Complaint. The plaintiff abandoned the claims against all but defendants Seward County and Ladman in his proposed Amended complaint. Filing No. 17. The plaintiff filed a supplemental motion to amend and notice of voluntary dismissal with respect to defendants Sanford

the defendants seized his semi-truck and trailer on March 15, 2009, and later sold the property without the plaintiff's authority.

I. Facts

   A. Procedural history

As a threshold matter, the *pro se* plaintiff's responsive brief was filed on August 28, 2015, and the court will deem it timely filed. See Filing No. 25. Also, the court finds the defendants' motion to dismiss the original complaint has been rendered moot by the filing of the amended complaint. Filing No. 17.

The defendants filed a reasserted and amended motion to dismiss, directed at the plaintiff's amended complaint. Filing No. 31, motion, Filing No. 17, amended complaint. The record reflects that the plaintiff has perfected service of process on several defendants, rendering the defendants' arguments of insufficiency of process moot. See Filing Nos. 29 and 30. In their reasserted motion, the defendants essentially reassert the statute of limitations and failure-to-state-a-claim arguments raised in their earlier motion to dismiss, concede that service of process on the defendant County has been accomplished, and abandon their insufficiency of process argument. See Filing No. 32, Brief at 2.

In apparent response to the defendants' reasserted motion to dismiss the amended complaint, plaintiff sought leave to file a second amended complaint, together with a proposed second amended complaint, Filing Nos. 35 and 36. The defendants

---

Pollack, the state of Nebraska and Brody Duncan. Filing No. 20. The court granted leave to amend, dismissed those defendants without prejudice, and denied as moot Pollack's then-pending motion to dismiss. See Filing No. 24. Accordingly, the only remaining defendants are Seward County and Ladman.

oppose the motion, contending that amendment is futile because the complaint, as amended, remains barred by the statute of limitations.

      B.    Allegations

In the amended complaint, the plaintiff alleges that he was deprived of property without due process of law. He states that he was arrested in connection with a drug offense on March 15, 2009.[2] *Id.* at 3. He alleges that at that time he owned and was operating a 2001 Maroon Volvo Semi Truck, and a 2007 Cottrell flatbed car Trailer. *Id.* In connection with his arrest, the Volvo and Trailer were seized by the Seward County Sheriff's Office and stored by Hymark Towing under a "evidence hold." *Id.* at 3. He further alleges that attorney Sanford Pollack was retained to represent him in connection with the criminal charges. *Id.* He also alleges that defendant Ladman was provided with proof of the plaintiff's ownership of the vehicle. *Id.* at 4. Thereafter, defendant Ladman allegedly released the evidence hold, notified the former owner of

---

[2] Notably, this action involves the same incident and allegations as *Goodman v. State of Nebraska*, No. 8:12cv202, (Neb. 2012), which was dismissed without prejudice for failure to prosecute. *See id.*, Filing Nos. 23 & 24. In that earlier action, after the plaintiff failed to file an amended complaint by a deadline imposed by an earlier Order Magistrate Judge Thalken entered an Order requiring Plaintiff to show cause why the action should not be dismissed for lack of prosecution under Fed. R. Civ. P. 4(m). *See Id.* Case No. 8:12cv202, Doc. 19. In that case, he alleged only that he "learned that his semi-truck and trailer [had] been misappropriated," without specifying any date. Filing No. 1, Complaint. By stipulation of the parties, plaintiff was granted leave to file an amended complaint by December 1, 2012, and later granted an extension of time to Dec. 5, 2012 to file the complaint. *Id.,* Filing No. 17, Stipulation; Filing No. 19, Order. On December 27, 2012, the court issued a show cause order, granting the plaintiff until the close of business on January 4, 2013, to file evidence of service or show cause why the case should not be dismissed for failure to prosecute. Filing No. 19, Order. The court was later notified of the suspension of plaintiff's counsel. Filing No. 22. The plaintiff failed to respond to the order and this court then adopted the magistrate judge's recommendation that the action be dismissed without prejudice for failure to prosecute. Filing No. 23, Report and Recommendation of the magistrate judge; Filing No. 24, Memorandum and Order.

the vehicle, Thomas Johnson, of the release, and ultimately authorized Hyman Towing to release the vehicle to Johnson. *Id.*

The plaintiff alleges he was unaware of these events. *Id.* He alleges, however, that "[d]efendant Ladman caused a copy of her August 21, 2009 letter authorizing the release of the Volvo to Johnson to be sent to Attorney Pollack; however, Attorney Pollack did not inform the Plaintiff of his receipt of the letter or the content or matters described in the letter."[3] *Id.* at 5. He also alleges that Seward County later "purported to send notice to the Plaintiff as owner of record for the Trailer; however, the Defendant Sheriff's Office addressed the notice to Plaintiff's former Quantico, Virginia address and the mail was returned by the United States Postal Service with the notation that the building at the address had been torn down, that no such address existed and that the Service was unable to forward the notice." *Id.* at 6. He also alleges that Seward County later requested a certificate of title for an abandoned vehicle and conveyed that title for monetary gain on or before March 18, 2010. *Id.* He also alleges that he did not learn that the truck and trailer were sold or disposed of until August of 2011.[4] *Id.* at 7.

The plaintiff's proposed amended complaint adds details regarding the nature and extent of the plaintiff's notice, but still contains the allegation that the August 21, 2009, letter authorizing release of the Volvo was sent to the plaintiff's attorney. *See* Filing No. 36, proposed second amended complaint at 5.

---

[3] The letter was attached to the plaintiff's original complaint. Filing No. 1-1 at p. 10. It advises Plaintiff, through his attorney, that the County Attorney's Office had released the "vehicle and its contents" to the individual that had been identified as its owner, Thomas R. Johnson. *Id.*

[4] These allegations are contrary to the allegations of his original complaint, in which he alleged that he "found out that Mr. Thomas R, Johnson had [his] 2001 Volvo truck" on June 13, 2011, when his criminal case was dismissed. Filing No. 1, Complaint at 2.

4

II. LAW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common

sense." *Id.* at 679. Accordingly, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

Although § 1983 does not specify a limitations period, § 1983 claims are subject to the limitations period in each state's personal-injury statute. *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055 (8th Cir. 2003) ("the state statute of limitations for personal injuries should be applied to all § 1983 claims"). In Nebraska, § 1983 claims are governed by the four-year period for personal injury found in Neb. Rev. Stat. § 25–207(3). *Bridgeman v. Nebraska State Penitentiary*, 849 F.2d 1076, 1077 (8th Cir. 1988).

In contrast to the derivation of the statute of limitations from state law, the time of accrual of a civil rights action is a question of federal law. *Cox v. Stanton*, 529 F.2d 47,

50 (4th Cir. 1975); *A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) ("[t]he applicable statute of limitations begins to run once a claim accrues, and federal law controls that determination."). Federal law holds that the time of accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Cox*, 529 F.2d at 50. A plaintiff is deemed to know or have reason to know at time of act itself and not at point that harmful consequences are felt. *Moran Vega v. Cruz Burgos*, 537 F.3d 14, 20 (1st Cir. 2008); *see, e.g., Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (holding under federal law that a cause of action for illegal search and seizure accrues when the wrongful act occurs, even if the person does not know at that time that the search was warrantless).

Determining when a claim accrues is an objective inquiry—the court must ask whether a reasonable person would have known of the injury, not what the plaintiff actually knew. *Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009). A cause of action accrues at the time of the last event necessary to complete the tort-usually when the plaintiff suffers an injury. *Id.* A § 1983 claim alleging an unlawful deprivation of property seized during a search or arrest accrues on the date of the seizure. *Smith v. City of Jennings, Mo.*, 111 F. App'x 856, at **1 (8th Cir. 2004) (per curiam).

The coordinate tolling rules of the state providing the applicable statute of limitations are also equally applicable to federal causes of action, unless inconsistent with federal law. *Board of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 485 (1980). The "discovery rule" provides that the statute of limitations "begins to run when the facts constituting fraud were discovered or, by reasonable diligence, should have been discovered." *Hope v. Klabal*, 457 F.3d 784, 791 (8th Cir. 2006). The plaintiff

bears the burden of proving that he could not, through reasonable diligence, have discovered the facts underlying the claim within the limitations period. *Id.* at 792; *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir. 1981) (holding the discovery rule generally tolls the statute of limitations when a plaintiff, despite the exercise of due diligence, is unable to know of the existence of an injury and its cause). Every plaintiff has a duty to exercise "reasonable diligence" in ascertaining the existence of the injury and its cause. *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990)(also stating that these tolling principles are not inconsistent with federal law). For the statute of limitations to be tolled pursuant to the discovery rule, "the factual basis for the cause of action must have been 'inherently unknowable' at the time of the injury." *Geo. Knight & Co., Inc. v. Watson Wyatt & Co.*, 170 F.3d 210, 213 (1st Cir. 1999). The factual basis is unknowable if it cannot be detected by reasonable diligence. *Id.*

A statute of limitations defense may properly be asserted through a motion to dismiss if it appears clearly from the face of the complaint itself that a statute of limitations period has run. *Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004): *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

A court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15. There is no absolute right to amend. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Leave to amend would be futile if the amended claim is time barred by an applicable statute of limitations. *Enervations, Inc. v. Minnesota Mining and Mfg. Co,* 380 F. 3d 1066, 1068-69 (8th Cir. 2004). The court can decline to grant leave

8

to amend if "it determines that the pleading could not possibility be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

III. DISCUSSION

The court finds the defendants' motion to dismiss the amended complaint should be granted and the plaintiff's motion for leave to file a second amended complaint should be denied.

The court first finds that the amended complaint fails to state a plausible claim for relief. The plaintiff fails to plead factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. The constitutional violation at issue is the seizure and subsequent disposal of the plaintiff's truck/trailer without due process of law. The plaintiff concedes in his complaint, however, that the defendants provided notice to the plaintiff's counsel of the impending release of the property as well as attempted to notify the plaintiff. There are no allegations that any more process was due. The allegation, assumed true, that the plaintiff never received the communication is no consequence because a communication to a party's attorney would reasonably be calculated to reach the party. In short, the failure to impart any requisite notice to comport with due process does not fall on these defendants. Although the plaintiff has alleged a deprivation of property, he does not allege facts from which it can be inferred that the defendants are responsible for the deprivation. In fact, the amended complaint shows on its face that another party is responsible. The plaintiff has failed to state a claim for relief for a violation of due process by the county and the prosecutor. His allegations do not raise a right to relief

above a speculative level. Whatever shortcomings in procedure are alleged, they do not rise to the level of a constitutional violation redressable under § 1983.

Moreover, even if Goodman had stated a claim for which relief could be granted, the record shows that the plaintiff's claim against the Seward County and its prosecutor is barred by the statute of limitations. The plaintiff alleges that the deprivation at issue occurred in 2009, more than four years before the complaint was filed in 2015. In the Eighth Circuit, a civil rights claim based on a seizure of property accrues at the time of the seizure. The plaintiff undoubtedly knew at the time of his arrest that the vehicle had been seized. He contends that the statute of limitations was tolled either during the pendency of his criminal case or by operation of the discovery rule. Tolling of the limitations period is appropriate only if the plaintiff can show due diligence. The burden is on the plaintiff to at least allege that the facts of his constitutional injury were unknowable within the limitations period. The allegations in the amended complaint show that the plaintiff was not incarcerated during the pendency of the criminal case, since he states he was returning to Nebraska for the trial. The plaintiff does not allege any diligence whatsoever in ascertaining the whereabouts of his truck/trailer between March of 2009 when the vehicle was seized and June 13, 2011 when, by his own admission in the original complaint, he had actual notice of the disposal of the property. The allegation that the plaintiff's attorney was provided notice of the defendants' allegedly wrongful actions on or about August 21, 2009, is fatal to the plaintiff's claim. That letter placed the plaintiff, through counsel, on notice of the release of his truck/trailer.

Even if the court were to apply the discovery rule, the plaintiff's claim would nevertheless be barred. He had actual knowledge of the disposal of the truck/trailer no later than June 13, 2011, more than four years before the action was filed.

Further, the court has reviewed the proposed second amended complaint and finds the plaintiff should be denied leave to file the proposed second amended complaint because amendment would be futile. In light of the court's findings, the proposed second amended complaint, on its face, remains barred by the statute of limitations because it alleges essentially the same relevant facts as the amended complaint. Accordingly,

IT IS ORDERED that:

1. Defendants' motion to dismiss the original complaint (Filing No. 10) is denied as moot.

2. Defendants' motion to dismiss the plaintiff's amended complaint, (Filing No. 21) is granted.

3. Plaintiff's improperly denominated "final motion for summary judgment," (Filing No. 26), construed as a motion for an extension of time in which to file a response to the defendants' motion to dismiss, is granted; the response is deemed timely filed on August 28, 2015.

4. Defendants' amended and reasserted motion to dismiss (Filing No. 31) is granted as duplicative of Filing No. 21.

5. Plaintiff's motion for leave to file a second amended complaint (Filing No. 35) and supplemental motion to amend (Filing No. 38) are denied as futile.

6. Defendants' objection (Filing No. 37) to the Plaintiff's motion for leave to file a second amended complaint is sustained.

7. A judgment of dismissal will issue this date.

DATED this 21st day of December, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge